Welch, J.
We think the law did not require that the resolution awarding the contract should he concurred in by two-thirds of the members of the council. It was not a resolution of a “ general or permanent nature” within the meaning of section 98 of the municipal code. Nor was such concurrence necessary by reason of the provision in section 240 of the act of 1870 (67 Ohio L. 8), that no such improvement should be made without the concurrence of two-thirds of the members of the council, unlesson petition of two-thirds of the owners. That concurrence was sufficiently expressed in the original resolution and ordinance requiring the improvement to be made, and in the subsequent ordinance making the assessment. It was not necessary that there should he two-thirds of the members concurring at every step in the progress of the work or proceeding.
The objection that the publication of notice to bidders was made in one English and one German paper and not in two English papers, we incline to think was well taken. While there is some conflict of authorities on the question, we think it the safer and better rule to hold, as we do, that where a statute of the state requires a publication to he made in a newspaper, a paper published in the English language is to be intended, unless the contrary is expressed or indicated.
*56 It by no means follows, however, that by reason of this defect in the proceeding the action to recover the assessment should fail. The case comes plainly within the provisions of section 550 of the municipal code (66 Ohio L. 242), which authorizes the court, in cases where such defects or irregularities occur, and.“ where expense has been incurred which is a proper charge ” against the defendants, to render judgment for the amount so chargeable against the defendants. Here the whole expense had been incurred, the work had been completed, and apparently without any objection from the defendants. ■ The object of the advertisement for bids was to procure the work to be done at fair prices. This object was fully attained without the strictly legal advertisement, so that the absence of it did not work any injury to the defendants. They were, therefore, “ properly chargeable ” with a proportion of the entire cost of the work. And this proportion is not to be measured by the amount of benefit actually received by them, hut is to be the pro rata portion of the entire cost which would have fallen upon them, or upon their lots, had no such defect existed in the proceedings. It seems to us, therefore, a plain case where the defect in the proceeding involved no necessity for a reassessment by the council, such as is contemplated in section 551 of the code, but a case where the coui't should have rendered a judgment against the defendants for the amounts assessable upon their lots.
Counsel insist that these lots were “ already provided with drainage, within the meaning of section 613 of the code,” and were therefore exempt from this assessment by the provisions of that section. We think otherwise. The mere passage of the former ordinance provided them with no drainage whatever.
The objection that the assessment was made upon a wrong basis—that it exceeded the pro rata portion of the aggregate cost of all the sewers constructed or to ho constimeted in the entire sewer district—is not shown by the record to ■be founded in fact. In the absence of such showing, we *57 must presume that the assessment was made upon the basis •required by law.

Judgment reversed, and cause remanded for further proceedings.

McIlvaine, C.J., White, Res, and Gilmore, JJ., concurred.